# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS JOHN HOWARD,

    Petitioner,

v.

MATT MACAULEY, Warden,

    Respondent.

Case No. 2:19-cv-13525
Honorable Laurie J. Michelson

---

## OPINION AND ORDER GRANTING MOTION FOR STAY (ECF NO. 2) AND HOLDING PETITION IN ABEYANCE

---

Thomas John Howard, a Michigan state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Howard challenges his convictions for assault with intent to murder, assault with intent to do great bodily harm less than murder, and assault with a dangerous weapon. (ECF No. 1, PageID.1.) He was sentenced to 25 to 40 years' incarceration for the assault with intent to commit murder charge and lesser terms for the others. (*Id.*)

Howard raises seven exhausted claims and four unexhausted claims in his petition. So Howard filed a motion to hold his habeas petition in abeyance simultaneously with the petition itself. (ECF No. 2.) He seeks to return to state court to exhaust the four unexhausted claims. For the reasons and on the conditions stated below, the Court will grant the request.

### I.    BACKGROUND

Following a jury trial in Wayne County Circuit Court. Howard was convicted of assault with intent to commit murder, Mich. Comp. Law § 750.83, assault with intent to do great bodily harm less than murder, Mich. Comp. Law § 750.84, felonious assault, Mich. Comp. Law § 750.82, and assault and battery, Mich. Comp. Law § 750.81. He was sentenced as a fourth habitual

offender, Mich. Comp. Law § 769.12, to concurrent prison terms of 25 to 40 years for assault with intent to commit murder, 6 to 10 years for assault with intent to do great bodily harm, 2 to 4 years for the felonious assault convictions, and time served for the assault and battery convictions.

Howard appealed his convictions to the Michigan Court of Appeals. He raised seven issues that represent the exhausted claims in his current habeas petition. The court affirmed his convictions in a thorough decision. *People v. Howard*, No. 332337, 2018 WL 842893 (Mich. Ct. App. Feb. 13, 2018) (per curiam). The Michigan Supreme Court denied leave to appeal on October 30, 2018. *People v. Howard*, 918 N.W.2d 811 (Mich. 2018). The one-year statute of limitations for filing a federal habeas petition began running 90 days later, on Monday, January 28, 2019. This petition was filed timely on November 20, 2019. (ECF No. 1, PageID.4.)

At the same time, Howard filed a motion to hold his petition in abeyance pending exhaustion of the following four claims: (1) the prosecution and trial court erred in indicating that Howard had a "duty to retreat" and trial counsel failed to object or to request an appropriate jury instruction, (2) convictions of assault with intent to murder ("AWIM"), assault with intent to commit great bodily harm ("AWIGBH"), and assault and battery violated the Double Jeopardy Clause, (3) convictions of both AWIGBH and felonious assault are inconsistent and mutually exclusive, and (4) appellate counsel provided ineffective assistance by failing to raise the first three unexhausted issues. (ECF No. 2, PageID.73.) Howard plans to raise these issues in a motion for relief from judgment in the state trial court within thirty days of filing his petition. (*Id.*) And he asks the Court to allow him sixty days to file to file an amended petition following exhaustion of these claims. (ECF No. 2, PageID.74.)

## II. ANALYSIS

A federal habeas petitioner must first present all claims to the state courts before raising the claims in a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a prisoner must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. In Michigan, a petitioner satisfies the exhaustion requirement by presenting claims to the Michigan Court of Appeals and Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

A federal court may stay a federal habeas corpus proceeding pending resolution of yet unexhausted state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id*. at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*. This is especially true where dismissal of the petition may preclude future consideration of a petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1); *Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002).

The Court has not been given much detail, but at this stage, Howard's unexhausted claims do not appear plainly meritless. He claims not to have raised them on direct review due to ineffective assistance of his appellate counsel. The Court finds no indication that Howard is intentionally attempting to unfairly and unnecessarily delay this proceeding. Finally, the time remaining in the limitations period, less than one month, is short enough that dismissal of the petition could jeopardize the timely filing of a new petition.

Given the foregoing, the Court will stay this case and hold Howard's petition in abeyance. Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Thus, Howard must initiate his state post-conviction remedies within sixty days of entry of this Court's order and return to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002); *Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

To resume this case, Howard must move the Court to lift the stay within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove*, 300 F.3d at 718.

### III. CONCLUSION

Accordingly, the Court will stay Howard's habeas corpus petition and hold this case in abeyance while Howard completes exhaustion of his eighth through eleventh habeas claims.

If Howard is unsuccessful in state court and wishes to return to federal court, he must file an amended petition and move to re-open this case within sixty (60) days of exhausting state remedies for his claims. The motion must include the same case number that appears on this order.

4

Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Nothing in this order shall be considered a disposition of the habeas petition.

SO ORDERED.

Dated: January 2, 2020

       s/Laurie J. Michelson
       LAURIE J. MICHELSON
       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 2, 2020.

       s/Erica Karhoff
       Case Manager to
       Honorable Laurie J. Michelson